NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTIN AKERMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1912

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-22-0459-W-1.

---

Decided:  March 6, 2025

---

MARTIN AKERMAN, I, Arlington, VA, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, BRYSON, and STARK, *Circuit Judges*.

PER CURIAM.

Martin Akerman appeals from a decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *Akerman v. Dep't of the Army*, No. DC-1221-22-0459-W-1, 2024 WL 2783100 (M.S.P.B. May 29, 2024) ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

Akerman was employed as a GS-15 IT Specialist for the Department of the Army, National Guard Bureau ("NGB"). R.A.[1] 52. Because the position dealt with classified information relevant to national security, Akerman was required to maintain a Top Secret security clearance, which he did until February 8, 2022. R.A. 45, 50. On that date, however, Akerman received notice from NGB that his clearance had been suspended because he had been hospitalized for a mental health condition and had not complied with the agency's request to submit a medical opinion "to determine if a condition exists" that affects his "judgement and[] reliability." R.A. 50.

On February 14, 2022, NGB notified Akerman that it was proposing to indefinitely suspend him from his position for failure to maintain his security clearance and placed him on administrative leave pending a final decision. R.A. 52–55. Akerman then filed a complaint with the NGB Office of the Inspector General ("OIG"), asserting that the agency unlawfully revoked his security clearance. R.A. 118–25. NGB issued a final decision on April 11, 2022, indefinitely suspending Akerman without pay or duty status, effective April 24, 2022. R.A. 67–70.

---

[1]    R.A. refers to the Appendix submitted with Respondent's informal brief.

Between February 14 and May 11, 2022, Akerman made four requests to NGB to classify certain blocks of time as different forms of paid leave or official time worked. R.A. 10–11. Each request was denied by NGB. R.A. 10–11.

Akerman then filed a complaint with the Office of Special Counsel ("OSC"), contending that NGB denied the four requests in retaliation for bringing the OIG complaint challenging the revocation of his security clearance. R.A. 116–30. After the OSC complaint was denied, Akerman filed an individual rights action ("IRA") appeal with the Board. R.A. 110–15. Because it was not apparent from Akerman's appeal form that the Board had jurisdiction over his IRA appeal, an administrative judge ("AJ") ordered Akerman to demonstrate that the Board had jurisdiction. R.A. 101–10. In response, Akerman provided additional details pertaining to the four denied requests to change the classification of his time. R.A. 76–77.

In an initial decision, the AJ dismissed the appeal for lack of jurisdiction because NGB's denial of his requests were "closely intertwined" with the revocation of Akerman's security clearance. R.A. 23–28. Following a petition for review, the Board affirmed and adopted the AJ's initial decision. *Decision* at \*3.

Akerman timely appealed. We have exclusive jurisdiction over this appeal pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review the Board's jurisdictional determinations *de novo*. *Bryant v. Merit Sys. Prot. Bd.*, 878 F. 3d 1320, 1325 (Fed. Cir. 2017). The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before the OSC and makes non-frivolous allegations that: (1) he engaged in a protected activity under 5 U.S.C. § 2302(b)(9), and (2) the disclosure was a

contributing factor in the agency's decision to take or fail to take a personnel action as defined by § 2302(a). *See Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).

Akerman raises several issues on appeal. First, he argues that the Board failed to consider material evidence that affects the Board's jurisdiction of his IRA appeal. Second, he asserts that the Board incorrectly dismissed his IRA appeal for lack of jurisdiction. Third, he contends that NGB's refusal to classify the four blocks of time as paid leave or official time worked was both erroneous and violative of his rights to free speech and procedural due process under the Constitution. And fourth, he alleges that NGB filed "false information" with several state of Virginia administrative agencies, again violating his First Amendment rights. We address each in turn.

We start with the Board's purported failure to consider material evidence that affects jurisdiction. Akerman contends that the Board failed to consider a letter from OSC "acknowledging an administrative error" relating to the OSC complaint, citing a letter attached to his opening brief. Reply Br. 8; Akerman Br. 2. Contrary to Akerman's assertion, the attached letter merely states that there was a clerical error in the OSC file number included in the documents sent to inform Akerman that his OSC complaint and IRA appeals were denied. Akerman Br. 22. We do not see how this letter is material to the Board's jurisdiction. We accordingly turn to the substance of the jurisdiction issue.

In *Dep't of Navy v. Egan*, the Supreme Court held that the Board does not have authority to review an alleged adverse personnel action that directly results from the revocation of a security clearance. 484 U.S. 518, 529–30 (1988). The Court explained that because agencies require broad discretion to determine who can be trusted with classified information, it is "not reasonably possible for an outside

nonexpert body to review the substance of such a judgment and to decide whether the agency should have been able to make the necessary affirmative prediction [that a particular individual might compromise sensitive information] with confidence." *Id.*; *see also Hesse v. Dep't of State*, 217 F.3d 1372, 1377 (Fed. Cir. 2000) (explaining that the Board lacks jurisdiction to consider the merits of an agency's security clearance determination in IRA appeals).

Here, Akerman asks the Board to do exactly what *Egan* prohibits. The alleged personnel actions taken by NGB— the four requests to classify Akerman's time as either paid leave or official time worked—are for blocks of time that occurred after his security clearance was revoked when he was either placed on administrative leave or indefinitely suspended. If the Board were to assess whether Akerman's four requests were meritorious, that would in turn require the Board to assess whether NGB correctly revoked his security clearance—the basis for NGB placing him on administrative leave or indefinitely suspending him. Accordingly, because Akerman's IRA appeal did not make a non-frivolous allegation that NGB took an adverse personnel action against him, the Board correctly held that it did not have jurisdiction over his appeal.

Because we conclude that the Board did not have jurisdiction to address Akerman's requests to classify his time differently, we need not address his arguments pertaining to the accuracy of the Board's denials or the related constitutional arguments.

As for Akerman's argument that NGB filed false information with several state of Virginia administrative agencies, violating his First Amendment rights, that argument was not brought before the Board. It is therefore not preserved for our review. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998).

6                                                    AKERMAN v. MSPB

CONCLUSION

We have considered Akerman's other arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**